IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY L. ULDRICKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAPAA 382 LLC, and WILLIAM R. ) <br> HANCOCK, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> KAPAA 382, LLC, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. FINANCIAL MORTGAGE ) <br> CORP., ) <br> ) <br> Third-Party Defendant. ) <br> _____ ) | CIVIL NO. 07-00117 JMS/KSC <br><br><br> ORDER GRANTING THIRD-PARTY DEFENDANT U.S. FINANCIAL MORTGAGE CORP.'S MOTION TO DISMISS THIRD-PARTY COMPLAINT |

**ORDER GRANTING THIRD-PARTY DEFENDANT U.S. FINANCIAL MORTGAGE CORP.'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

**I. INTRODUCTION**

On June 29, 2007, Third-Party Defendant U.S. Financial Mortgage Corp. ("USFMC") filed a motion to dismiss the First Amended Third-Party

Complaint filed by Defendant and Third-Party Plaintiff Kapaa 382, LLC ("Kapaa 382").  USFMC argues that the Third-Party Complaint violates Federal Rule of Civil Procedure 14 because it does not allege that USFMC is derivatively or secondarily liable to Kapaa 382.  A hearing was held on September 10, 2007.  Based on the following, the court GRANTS USFMC's motion.

## II.  BACKGROUND

**A.     Factual Background**[1]

Plaintiff Jeffrey Uldricks ("Uldricks"), a California citizen, filed a Complaint against Kapaa 382, a Hawaii limited liability corporation, and William Hancock, a Hawaii citizen (collectively, "Defendants"), on March 5, 2007.  Kapaa 382 is the developer of the Kulana, a condominium project on Kauai.

In 1999, Kapaa 382 borrowed $1,378,000 from the Bridge Loan Funding Corporation at a rate of 16.5 percent per year ("Bridge Loan").  Third-Party Compl. ¶ 18.  In May 2000, as the Bridge Loan due date neared, Kapaa 382 sought to extend the loan.  Third-Party Compl. ¶ 20.  Uldricks, acting on behalf of USFMC, offered to purchase and extend the Bridge Loan at a rate of 13 percent per year and committed USFMC to funding expected construction costs for

---

[1] All facts are taken from the Complaint and the First Amended Third-Party Complaint ("Third-Party Complaint").

Kulana, including obtaining a development loan. Third-Party Compl. ¶ 21. On June 1, 2000, Kapaa 382 entered into an Assignment Agreement assigning the Bridge Loan note to Uldricks, Judy Gavia (Uldricks' wife), Jack Bard, and Dianna Vargas ("Uldricks Group"), all of whom were directors or employees of USFMC. Third-Party Compl. ¶ 22.

In January of 2001, Kapaa 382 entered into discussions with Uldricks, in his capacity as owner of USFMC, and Mark Bernstein, USFMC's attorney, regarding additional financing; Kapaa 382 was seeking financing to satisfy County of Kauai Planning Department requirements, including development bonds. Third-Party Compl. ¶ 30. During negotiations, in March 2001, the Uldricks Group assigned the note to USFMC. Compl. ¶ 11. On April 30, 2001, USFMC submitted a new loan proposal, with Uldricks and Gavia listed as co-makers/guarantors of the loan. Third-Party Compl. ¶ 32. On May 10, 2001, Kapaa 382 accepted USFMC's loan proposal, but no formal loan agreement was executed.

After USFMC accelerated of the note, Kapaa 382 and USFMC entered into a "Loan Reinstatement and Modification Agreement" in April 2002, in which USFMC agreed to withdraw the balance due and extend the note until December 20, 2002. Third-Party Compl. ¶ 34. On January 22, 2003, Kapaa 382

and USFMC entered into another "Loan Reinstatement and Modification Agreement" ("January 2003 Agreement"). Third-Party Compl. ¶ 35. In the January 2003 Agreement, USFMC committed to assist Kapaa 382 in securing infrastructure financing ("Development Loan") and that upon the funding of the Development Loan by USFMC, USFMC would be entitled to a fee of $1,050,000, which would be added to the principal balance of the note. Third-Party Compl. ¶ 35.

USFMC attorney Bernstein sent a letter to Kapaa 382 ("Bernstein Letter") dated March 24, 2003, stating that USFMC would obtain a Development Bond and Development Loan up to $5,000,000 and that USFMC would stand "ready, able, and willing" to provide assistance in obtaining the Development Bond and Development Loan. Third-Party Compl. ¶ 37. The Bernstein Letter also recites Kapaa 382's promise to pay USFMC $1,050,000 in connection with obtaining the Development Loan and Development Bond and states that Kapaa 382 is not permitted to avoid its obligation by seeking "the same or similar assistance from a third-party in an attempt to circumvent its agreement with [USFMC] and deprive [USFMC] of the agreed upon fee." Compl. ¶ 18.

Kapaa 382 claims that obtaining the Development Bond and Development Loan were crucial steps to the completion of the Kulana

development. Third-Party Compl. ¶ 38. During the summer of 2003, Kapaa 382 requested information from USFMC regarding USFMC's ability to provide the Development Bond and Development Loan. Third-Party Compl. ¶ 40. According to Kapaa 382, by January 2004 it was in the final stages of the subdivision approval process for Kulana, needing only to obtain the Development Bond. Third-Party Compl. ¶ 41. Apparently, USFMC failed to provide the Development Bond and Development Loan; Kapaa 382 then obtained a development loan (at a higher rate) from another source (William Mowry) in July 2004, in order to complete the subdivision process. Third-Party Compl. ¶ 44. Uldricks has demanded payment of the $1,050,000 fee, which Defendants have not paid. Compl. ¶¶ 20-21.

**B.     The Complaint**

Uldricks' Complaint alleges that Defendants breached their contractual obligations under the January 2003 Agreement executed by Kapaa 382, Hancock, and USFMC.[2] Uldricks claims that Defendants obtained a development loan from Mowry and failed to pay the $1,050,000 fee, in violation of the January 2003 Agreement. Uldricks seeks damages for Defendants' breach

---

[2] The Complaint alleges that Uldricks was assigned USFMC's rights and obligations under the January 2003 Agreement. Compl. ¶ 7. At the September 10, 2007 hearing, Kapaa 382 contested the validity of the assignment to Uldricks.

of contract.

**C.     The Third-Party Complaint**

Kapaa 382's Third-Party Complaint alleges that USFMC breached its contractual duties by failing to provide a Development Bond and Development Loan and that Kapaa 382's payment of the $1,050,000 fee is excused by reason of USFMC's breaches; that USFMC breached the covenant of good faith and fair dealing implied in the contract; that USFMC is liable under a theories of promissory estoppel and negligent misrepresentation; that USFMC committed fraud and intentionally misrepresented that it would be able to secure infrastructure financing and obtain the Development Bond and Development Loan, but that USFMC never intended to fulfill any of its promises; that USFMC has been unjustly enriched by its wrongdoing at Kapaa 382's expense; and that USFMC is liable under a respondeat superior theory for the acts or omissions of Uldricks.  Kapaa 382 has not filed a counterclaim against Uldricks.

USFMC has moved to dismiss the Third-Party Complaint for failure to comply with Federal Rule of Civil Procedure 14(a), which governs when a defendant may implead a third party.  USFMC argues that the Third-Party Complaint does not state a claim against it for secondary or derivative liability; instead, Kapaa 382 seeks damages from USFMC that are not dependent upon

Uldricks' claims. Kapaa 382 argues its Third-Party Complaint "pleads USFMC's derivative liability from [Kapaa 382's] dealings with Uldricks." Mem. in Opp'n at 10. It also claims that the allegations of the Complaint and Third-Party Complaint are "inextricably intertwined" and that "a complete determination cannot be made, nor proper relief accorded, without permitting [Kapaa 382] to litigate the claims of the Third-Party Complaint against USFMC in this action." Mem. in Opp'n at 10-11.

### III.  DISCUSSION

**A.     Federal Rule of Civil Procedure 14(a)**

Federal Rule of Civil Procedure 14(a) permits a defendant to implead a third party who may be liable to the defendant for all or part of a plaintiff's claim against that defendant. The rule provides in part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a). "Any party may move to strike the third-party claim, or for its severance or separate trial." *Id.*

A third-party claim "may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third

party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz, 450 SEL,* 708 F.2d 444, 452 (9th Cir. 1983).

Impleader is most commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors. *See Mantic Ashanti's Cause v. Cumming Family Trust*, 2007 WL 1558620, at *3 (S.D. Cal. May 25, 2007). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (*quoting* Wright & Miller, *6 Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *One 1977 Mercedes Benz, 450 SEL,* 708 F.2d at 452.

"It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

The decision to dismiss a third-party defendant impleaded under Rule 14 is left to the sound discretion of the district court. *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

**B.     The Third-Party Complaint is Improper Under Rule 14(a)**

The Third-Party Complaint does not seek indemnification, subrogation, contribution, or any other form of derivative or secondary liability from USFMC. Kapaa 382 alleges that USFMC breached the contract; committed fraud by intentionally misrepresenting that it would be able to obtain the Development Bond and Development Loan; and that USFMC is liable under a respondeat superior theory for the conduct of Uldricks. These claims are related to but not derivative of Uldricks' breach of contract claim against Kapaa 382.

Kapaa 382 does not attempt to transfer to USFMC the liability asserted against it by the Uldricks; instead, Kapaa 382 claims that USFMC is liable to it for breach of contract and fraud based on the same transaction underlying Uldricks' Complaint. "[T]he third-party plaintiff is not alleging that third-party defendants share fault, but that third-party defendants were completely at fault. A third-party plaintiff cannot boot-strap a defense to fraud into a case for joint tortfeasor liability." *Gabriel Capital, L.P. v. NatWest Fin., Inc.,* 137 F. Supp. 2d 251, 265 (S.D.N.Y. 2000) (citation and quotation signals omitted).

Further, as alleged in the Third-Party Complaint, USFMC appears to be in the same position as the Uldricks, so that any liability USFMC has to Kapaa 382 is not as a result of Kapaa 382's liability to Uldricks.  The Ninth Circuit has held that "a third party complaint seeking contribution and indemnity must fail when the third party defendant stands in the same position as the original plaintiff.  In this situation the third party defendant's liability is not the secondary or derivative liability required for impleader."  *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 622 (9th Cir. 1978), *overruled on other grounds by Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776 (9th Cir. 1984).

Kapaa 382's respondeat superior claim fails to allege that USFMC's liability flows from Kapaa 382's liability to Uldricks under the original Complaint.  USFMC's alleged liability instead flows from Uldricks' wrongful acts as its employee or agent.  Further, Kapaa 382 sets forth no authority permitting contribution, indemnification, or another claim against a plaintiff's employer where that claim is identical to the defendant's affirmative defense or counter-claim to the original Complaint.  By contrast, Kapaa 382's claims against USFMC are based on the precise conduct that supports an affirmative defense to liability or possible counter-claim against Uldricks.

The fact that the claims asserted in the Complaint and Third-Party Complaint are, as Kapaa 382 characterizes them, "inextricably intertwined," does not satisfy the standard for third-party practice under Rule 14.  It is not sufficient that the claims asserted in the Third-Party Complaint merely arise from the same transaction or occurrence as the underlying suit.  Impleader is narrower, requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant.  *See One 1977 Mercedes Benz, 450 SEL,* 708 F.2d at 452.

Kapaa 382 has provided no "possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." *Loube*, 134 F.R.D. at 272.  Impleader under Rule 14 is not a proper mechanism for resolving Kapaa 382's claims against USFMC.  The court therefore GRANTS USFMC's motion.

///

///

///

///

///

///

## IV. **CONCLUSION**

Based on the foregoing, the court GRANTS Third-Party Defendant USFMC's Motion to Dismiss the Third-Party Complaint.  This ruling is without prejudice to Kapaa 382 filing an action against USFMC in state court or filing a motion pursuant to Rule 14(a) for leave to file a Second Amended Third-Party Complaint against USFMC in this court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 11, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Uldricks v. Kapaa 382, LLC*, Civ. No. 07-00117 JMS/KSC, Order Granting Third-Party Defendant U.S. Financial Mortgage Corp.'s Motion to Dismiss Third-Party Complaint